# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | 300 North LaSalle<br>Chicago, Illinois  60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

October 1, 2015

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *In re: General Motors LLC Ignition Switch Litigation*

Dear Judge Furman:

  Pursuant to this Court's Order No. 81 ¶ 2 (Docket No. 1404), counsel for General Motors LLC ("New GM") write to apprise the Court of New GM's position with respect to the motions filed by the *Brown*, *Dowling*, *Fobbs*, *Gregory*, *Hoskins*, *Keeler*, *Lelonek*, *Modeste*, *Rowe*, and *Smith* plaintiffs for leave to amend their complaints.  (*Id.* ¶ 6.)

  New GM respectfully requests that each of the plaintiffs' motions be stayed pending adjudication of certain issues before the Bankruptcy Court.  In particular, each complaint asserts a claim for punitive damages related to vehicles and/or parts manufactured and sold by Old GM.  New GM's position is that such claims are not Product Liabilities assumed by New GM pursuant to the Sale Order, but are Retained Liabilities of Old GM and thus barred by the Sale Order.[1]  Further, each complaint retains a count of fraud and fraudulent concealment.  New GM's position is that such claims are also Retained Liabilities and plaintiffs are enjoined from asserting these claims against New GM by the Bankruptcy Court's July 5, 2009 Sale Order and Injunction, April 15, 2015 Decision, and June 1, 2015 Judgment.  Additionally, the *Hoskins* complaint asserts a claim for post-sale failure to warn with respect to an Old GM-sold vehicle.  New GM's position is that such a claim is barred by the Sale Order.  Pursuant to the Bankruptcy Court's September 3, 2015 Scheduling Order (09-bk-50026, Doc. No. 13416), each of these issues has been briefed in the Bankruptcy Court, and argument will be heard on October 14, 2015.

---

[1] As explained in extensive briefing in the Bankruptcy Court, New GM purchased assets, free and clear of liabilities and claims relating to vehicles sold by Old GM, other than certain specified Assumed Liabilities.  New GM does not have any ongoing obligations to vehicle owners relating to Old GM's Retained Liabilities.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
October 1, 2015
Page 2

      Accordingly, New GM respectfully requests that plaintiffs' motions for leave to amend their complaints be stayed pending the Bankruptcy Court's adjudication of the matters before it.[2] A stay of such motions will not prejudice plaintiffs, whose claims are already stayed pursuant to this Court's Order No. 1.  (Docket No. 19.)  Further, if the alleged purpose of amending the complaints is to make them consistent with the Bankruptcy Court rulings, it makes sense and promotes judicial efficiency for the Bankruptcy Court to rule on all the issues that implicate the allegations and causes of action asserted in these complaints.  Upon the Bankruptcy Court's adjudication of the issues described herein, New GM will notify this Court and provide a proposal for how this Court should proceed, pursuant to Order No. 81 ¶ 4.

      Respectfully submitted,

      /s/ Richard C. Godfrey, P.C.
      /s/ Andrew B. Bloomer, P.C.

      *Counsel for Defendant General Motors LLC*

cc:    The Honorable Robert E. Gerber
        MDL Counsel of Record

---

[2]  Although New GM has identified certain issues to be adjudicated by the Bankruptcy Court relevant to plaintiffs' proposed amendments, New GM reserves the right to oppose amendment of any complaint on other grounds unrelated to issues to be adjudicated by the Bankruptcy Court.